IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK CHIMENTI, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| GB COLLECTS, LLC, and | : | |
| JOHN DOES 1-10, | : | |
| Defendants | : | NO. 2:14-cv-03180-MSG |

**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant GB Collects, LLC ("Defendant" and/or "GBC"), by and through its undersigned counsel, answers Plaintiff's Complaint and states as follows:

1. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

2. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

3. Denied. Defendant is without sufficient information to properly respond to this paragraph, and, therefore, it is denied.

4. Admitted in part; denied in part. It is admitted that Defendant has its principal place of business in West Berlin, New Jersey. All other allegations, if any, in this paragraph are denied.

5. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

6. Denied. Defendant is without sufficient information to properly respond to this paragraph, and, therefore, it is denied.

7. Denied. Exhibit A is a document which is self-explanatory and no response is required.

8. Denied. Exhibit B is a document which is self-explanatory and no response is required.

9. Denied. Exhibit C is a document which is self-explanatory and no response is required.

10. Denied. Exhibit D is a document which is self-explanatory and no response is required.

11. Denied.

12. Denied.

## COUNT I

13. Defendant incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

14. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

15. Denied.

## COUNT II

16. Defendant incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

17. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

18. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## COUNT III

19. Defendant incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

20. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

21. Denied.

**WHEREFORE**, Defendant respectfully demands that the Complaint be dismissed; awarding it reasonable costs and attorneys' fees and such other relief as justice requires.

## AFFIRMATIVE DEFENSES

1. None of the communication alleged by the plaintiff contains deception.

2. None of the communication alleged by the plaintiff contains false or misleading statements.

3. Defendant did not engage in fraudulent conduct that creates a likelihood of confusion or misunderstanding.

4. Defendant did not have the intent necessary to rise to the level of a reckless or willful act.

5. The plaintiff suffered no ascertainable loss of money or property.

6. The plaintiff did not justifiably rely on any representation by defendant.

7. The plaintiff fails to state a cause of action to which relief can be granted.

8. To the extent that any violation occurred, it resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

9. To the extent that any violation occurred, it resulted from good faith reliance upon incorrect information offered by any person other than an agent, servant or employee of defendant.

10. The Fair Debt Collection Practices Act does not apply to this case.

11. At all pertinent times, defendant acted in compliance with the Federal Trade Commission regulations, Federal Trade Commission staff commentary and letter commentaries, and/or Federal Trade Commission advisory opinions.

12. Plaintiff has no standing to pursue this claim.

13. Plaintiff did not timely request validation.

14. Defendant reserves the right to assert additional affirmative defenses as discovery warrants.

FINEMAN KREKSTEIN & HARRIS, P.C.

By:  /S/ Richard J. Perr
RICHARD J. PERR, ESQUIRE
JENNIFER TATUM ROOT, ESQUIRE
PA Attorney I.D. Nos. 72883 & 308693
BNY Mellon Center
1735 Market Street, Suite 600
Philadelphia, PA  19103-7513
(v) 215-893-9300; (f) 215-893-8719
e-mail: rperr@finemanlawfirm.com
          jroot@finemanlawfirm.com
Attorneys for Defendant GB Collects, LLC

Dated:  September 10, 2014

# CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically, or by first class mail, postage prepaid, or telecopy on the following:

> Matthew B. Weisberg, Esquire
> Weisberg Law, P.C.
> 7 South Morton Avenue
> Morton, PA  19070
> (v) 610-690-0801; (f) 610-690-0880
> mweisberg@weisberglawoffices.com
> Attorneys for Plaintiff

      /S/ Richard J. Perr
   RICHARD J. PERR ESQUIRE

Dated:  September 10, 2014